BOOTH (NATIONAL BANK OF COMMERCE v.). See Case No. 10,036.

## Case No. 1,648.

### BOOTH v. PARKS.

[1 Flip. 381;[1] 1 Ban. & A. 225; 6 Chi. Leg. News, 407.]

Circuit Court, N. D. Ohio.   May 9, 1874.[2]

PATENT—COMBINATION—INFRINGEMENT — INJUNCTION—WHEN A COMBINATION IS PATENTABLE.

If a combination produces useful and new results it is patentable, notwithstanding all the elements that go to make it up were in general use and well known before the combination.

[See note at end of case.]

[In equity. Bill by Jonathan L. Booth against George Parks, Grant B. Turner, William A. Taylor, and James A. Vaughn to restrain infringement of a patent.]

Willey, Terrell & Sherman and W. T. Coggswell, for complainant.

Bakewell & Christy, for defendant.

WELKER, District Judge. The bill of the complainant is founded upon a patent for

[1] [Reported by William Searcy Flippin. Esq., and here reprinted by permission.]

[2] [Affirmed in Parks v. Booth, 102 U. S. 96.]

a new and useful improvement in grain separators. The original patent issued on the 20th day of December, 1859, and on the 25th day of September, 1860, an amended patent; and the same was amended and reissued to him on the 29th day of November, 1864, for the term of fourteen years from September 20th, 1859. The bill was filed on the 21st day of April, 1871. The claims in the reissued patent of the complainant are as follows:

1st—The combination of the zigzag screens and boxes B C, when the same have a lateral shake motion, or at right angles to the passage of the grain, in such a manner as to have the grain pass consecutively over and through them, and arranged relatively with each other to operate substantially as and for the purpose herein set forth.

2d—The series of zigzag screens and boxes B C, with or without the troughs E, and having a lateral shake motion, in connection with the fan G and span H, substantially as herein set forth.

The complainant charges that both of these claims have been infringed by the defendants.

The answer of the defendants denies both the novelty and patentability of the invention claimed, and denies also the infringement charged in the bill. The object of the complainant's invention is stated in the original patent to be, "to separate oats and other foreign substances from small wheat, after the latter has been separated from screened heavy wheat by any of the known implements in use." And this also appears as the leading object in the specification of the reissue. It is claimed by the defendants that the reissued patent differs from the original in one particular, and that one an important element in the question of patentability of the complainant's machine. That is, in the original, the motion is described as a "shake motion," and in the reissue as a "lateral shake motion, or at right angles to the passage of the wheat."

On examination of the original drawings, which are to be regarded as a part of the specification of the original patent, I find that they show the motion of the screens to be of necessity a lateral one, and at right angles to the passage of the wheat over the zigzag screens. This then obviates that objection to the reissued patent.

In determining this case, the first question presented is, was the invention of the complainant patentable? It is not claimed that the machine is new in its separate parts. It is but a combination of old devices invented and used before the issuing of the patent to complainant. It is not claimed even by the defendants that the parts of this machine in combination in the form it presents, were used before the complainant's patent; but that parts of it were invented and used before in the devices given in evidence on behalf of the defendants. From a careful examination of the machines given in evidence by the defendants, and claimed to have become in use before the issuing of this patent, I find that wheat separators were before that in use, having, first, zigzag screens and boxes having a shake motion; second, zigzag screens and boxes having a side shake motion; third, zigzag screens and boxes having a shake motion, and a side shake motion used in connection with a fan blast and vertical spout. All of these devices are used in the complainant's machine, but all of them are not used in any one of the machines used before the complainant's patent. The combinations are different in the complainant's machine. He does not claim that any one of the devices used by him in the combination singly is a new invention, but claims his combination.

In the case of Hailes v. Van Wormer [20 Wall. (87 U. S.) 353] it is said by Justice Strong: "It must be conceded that a combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be the product of the combination and not a mere aggregation of several results, each the complete product of one of the combined elements. Combined results are not necessarily a novel result, nor are they an old result obtained in a new and improved manner. Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect, without the production of something novel, is not invention." In the light of this decision let us examine the complainant's machine, as to the object sought to be obtained by the combination, and the results of that combination actually produced by this aggregation of old devices. The purpose to be accomplished is the complete separation of oats from wheat. This is done by the manner in which the screens and boxes are located and constructed, their width, inclination, and motion, as well as relation to the blast from the fan through the vertical spout.

The evidence shows that it does accomplish this result. The evidence does not show that either of the machines referred to by the defendants, as in use before this patent, obtains this result. Several of them, no doubt to some extent separate some of the oats with other impurities from wheat, but they do not attain the object of this machine. They fall far short if it. And what they do accomplish is not done by the same combination. The result of this combination of complainant is, then, a new result, one that has not before been obtained. Is it a useful result? To effectually get oats out of wheat before manufacture into flour which, if retained and ground with it, materially depreciates the market value, as well as the use of flour, cannot certainly be denied

to be useful in its results. I am of the opinion, therefore, that the complainant's machine is patentable, and that his patent is a valid one.

The next question is: Have the defendants infringed the complainant's patent? On this point there seems to be but little controversy. The machines used and manufactured by the defendants are almost identical with that of the complainant. They only differ in the size of the machine, and the location of the fan being across instead of lengthwise, and the location of the grain spout. Otherwise the construction is the same substantially, having in fact all the combinations and principles, only slightly differing in their location, that characterize the complainant's machine. I find, therefore, that they have infringed upon the patent of the complainant, and a decree may be entered in favor of the complainant, with the usual reference to a master to take and state an account of damages.

No injunction was asked for on the hearing, as the original term of the complainant's patent had expired; although it was conceded in the argument that the patent had been extended since the commencement of this suit. This needs to be set up by a supplemental bill or other proceedings in order to authorize an injunction.

NOTE [from original report]. This case went to the master, and after final decree to the supreme court of the United States. The decree of the court was modified in certain particulars, but the principles announced in this opinion were affirmed. See [Parks v. Booth] 102 U. S. 96.

[NOTE. Affirmed on appeal to the supreme court, Mr. Justice Clifford assigning as a ground, with others: "Machines called 'grain separators,' it is admitted, are manufactured and sold by the respondents; but they denied in their original answer that their separators were in all respects constructed in the same manner as the apparatus of the complainant. * * * They still insist that the reissued patent of the complainant differs from the original, but they substantially admit that the machines which they construct and sell do infringe the invention of the complainant, as described in the reissued patent, which is sufficient for the complainant, as the respondents have failed to make good their defense that the reissued patent is not for the same invention as the original. Irrespective of any admission, however, the court is satisfied, from a comparison of the two exhibits, that the charge of infringement is fully sustained." Parks v. Booth, 102 U. S. 96. Patent No. 25,484 was granted to J. L. Booth, September 20, 1859; reissued November 29, 1864 (No. 1,826). For another case involving this patent, see Booth v. Seevers, Case No. 1,-648a.]